936 F.2d 584
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Lancy CLARK, Defendant-Appellant.
 No. 90-6318.
 United States Court of Appeals, Tenth Circuit.
 June 13, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendant Robert Lancy Clark appeals the sentence imposed upon him after his guilty plea to two counts in a sixteen-count indictment. The plea was to count 13 charging him with distribution of two ounces of cocaine in violation of 18 U.S.C. Sec. 2 and 21 U.S.C. Sec. 841(a)(1), and count 16, charging him with possession of a firearm after conviction of a felony in violation of 18 U.S.C. Secs. 922(g)(1) and 924(a). Defendant's only arguments on appeal relate to the district court's inclusion of quantities of drugs defendant acquired in transactions for which he was not convicted, as relevant conduct to increase his base offense level from 14 to 32.
 
 
 3
 The court relied upon U.S.S.G. Sec. 1B1.3(a)(2), which permits grouping "solely with respect to offenses of a character for which Sec. 3D1.2(d) would require grouping of multiple counts, all such acts and omissions that were part of the same course of conduct or common scheme or plan as the offense of conviction." Defendant specifically contends
 
 
 4
 that the evidence adduced at the sentencing hearing did not indicate that the other drug transactions were part of the same course of conduct or common scheme or plan as to count 13, the offense of conviction. Nor did the trial court so find. Without this finding, the trial court was precluded from increasing the base offense level [under that section].
 
 
 5
 Appellant's brief at 6. We do not agree.
 
 
 6
 The district court explicitly accepted hearsay evidence, outlined in the presentence report, that defendant made three separate trips to Los Angeles with Larry Hornsby, and each time purchased one kilogram of cocaine and brought it back to Oklahoma City for resale. The court further found that two deliveries of cocaine base were made to defendant by Kennetta Mitchell. These all occurred between January 1, 1988, and approximately April 30, 1990, within the period of a conspiracy with which defendant was charged but to which he did not plead. The incidents were also the subjects of separate charges in the indictment against defendant, which were dropped when he pleaded guilty. Count 13, to which defendant did plead guilty, charged him with distributing two ounces of cocaine to Larry Hornsby in November 1989.
 
 
 7
 Section 1B1.3(a)(2) does not permit a district court to increase a defendant's offense level with crimes not specified in the count of conviction simply because they are similar in character. See United States v. White, 888 F.2d 490, 500 (7th Cir.1989). However, under this court's interpretation of U.S.S.G. Sec. 1B1.3(a)(2), the instant district court properly determined that defendant's various drug exploits were all part of the same course of conduct. See, e.g., United States v. Harris, 903 F.2d 770, 778 (10th Cir.1990); United States v. Rutter, 897 F.2d 1558, 1562 (10th Cir.), cert. denied, 111 S.Ct. 88 (1990).
 
 
 8
 As to the alleged deficiency in the district court's findings, we are satisfied that a fair reading of the court's oral ruling at sentencing is that the acts were part of the same "course of conduct or common scheme or plan as the offense of conviction." See II R. 36-37. Any doubts about that conclusion are cleared up in the court's formal sentencing order in which it made the following specific finding:
 
 
 9
 The court finds that Sec. 1B1.3(a)(2) is the proper provision for the inclusion of the drug amounts. The Sec. 1B1.3(a)(2) provision is applicable to offenses that, in the context of Sec. 3D1.2(d) "would require grouping," and, "that were a part of the same course of conduct or common scheme or plan as the offense of conviction."
 
 
 10
 I R. tab 117 at 5.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3